STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO RE-08-101
WRA - PEN - 9/16/2010

ENGINEERING DYNAMICS INC.,

Plaintiff,

v.                                                    ORDER

DONALD F. BROWN
TERRI L. BROWN
MACHIAS SAVINGS BANK,

Defendant.

Hearing was held on the plaintiff's complaint and all counterclaims on September 16, 2010. The plaintiff was present and represented by counsel, David Walker, Esq., while defendant Donald Brown appeared pro se, and defendant Terri L. Brown was present and represented by counsel, Kirk Bloomer, Esq.

By agreement of the parties, any claims against party-in-interest Machias Savings Bank are dismissed with prejudice.

In this case, Donald Brown retained the services of the plaintiff to produce a site plan for a proposed office complex to be built on property in Brewer owned by Mr. Brown's wife Terri Brown. The plaintiff prepared an appropriate site plan but never submitted it for planning board approval because of disagreement over the cost of its services. The content of the parties' agreement concerning plaintiff's compensation for this project is the primary issue for the Court to decide in this case. The Court makes the following findings:

1. At the time that Mr. Brown and Mr. Tower, the plaintiff's president, met in September of 2007 to discuss the 2007 project, Mr. Brown owed the plaintiff a balance related to a 2004 project. At the time, the parties did not agree on the amount owed.

2. The parties' versions of the existence of an agreement differ significantly. There is no written contract or writing that evidences an agreement. Mr. Brown insists that they agreed that plaintiff would prepare and submit a site plan to the city of Brewer for a lump sum of $12,000. Mr. Tower disagrees strongly, but did not offer a competing version of an agreement. He did not testify to an agreement for a higher lump sum amount, nor did he testify that Mr. Brown agreed to pay for services by the hour at a particular rate. In fact, according to his testimony, there was no discussion about total price, number of hours to complete the project, or hourly rate. Apparently, according to Mr. tower's testimony, Mr. Brown agreed to pay whatever he charged.

3. A complicating issue concerns the payment that Mr. Brown provided. After the two initial meetings that resulted in an agreement that the project would include five buildings instead of one, Mr. Brown caused $12,000 to be paid to plaintiff. Mr. Tower asserts that $6,000 of this amount was to satisfy the 2004 bill, while $6,000 was accepted, on account, with regard to the new project. Mr. Brown now insists that the $12,000 amount was paid in full satisfaction of the cost of the new project. In an exchange of correspondence between the parties in January of 2008, Mr. Brown admitted that he had agreed that $5,000 of the $12,000 total was to be applied to the 2004 debt, and $7,000 was to be applied to the new project. (def. ex. 12, 13).

Analysis

After hearing, the Court concludes that the plaintiff agreed to prepare a site plan for defendant's project for the sum of $12,000. The plaintiff has failed to prove that Mr. Brown, without inquiring about the number of hours to complete the project or hourly rate, agreed to pay whatever was billed for the project. It is doubtful that either party would have reached such an amorphous agreement when there had been an on-going dispute concerning what remained to be paid on the 2004 project.

Although plaintiff completed the plan, it breached the verbal agreement by not submitting the plan to the Brewer Planning Board, however this breach was caused by Mr. Brown's failure to tender the full contract price prior to submission. The Court finds that in February of 2008, when the plan was to be presented, Mr. Brown still owed plaintiff an amount for its services related to the project. By this time, both sides were posturing, and in correspondence (def. ex.#14), Mr. Brown was disavowing his earlier agreement that $5,000 of the total amount paid was to be applied to the earlier debt. By this time, however, Mr. Brown did not owe the full $5,000 balance because he had paid for some of the expenses that were plaintiff's responsibility, including a $3,000 surveying fee and an $800 soils evaluation fee. Based on this analysis, Mr. Brown has failed to pay $1,200 of the contract price. The Court now addresses each claim and counterclaim:

The plaintiff has dismissed Count I, and the Court has granted judgment to Mr. Brown as a matter of law on Count II, finding that the plaintiff has failed to prove the existence of an account. On Count III, the Court grants Judgment for the plaintiff against Mr. Brown in the amount of $1,200. The Court grants Judgment for the defendants on Count V (actually the fourth count), Unjust Enrichment, because the plaintiff has failed to prove it conferred a benefit upon the defendants.

With regard to Mr. Brown's counterclaims, the Court grants judgment for the counterclaim defendant on all counts. For reasons already explained, Mr. Brown has failed to prove his contract claim, Count I. He also failed to prove that Mr. Tower knowingly or recklessly made false material statements, or gave false information of material fact for the guidance of Mr. Brown in his business transactions, as required by Counts II and III. He has dismissed Counts IV and V.

The Court grants judgment for the counterclaim defendant on all of defendant Ms. Brown's counterclaims. She failed to prove the required element of malice on Count I, has dismissed Count II, and has failed to prove that Mr. Tower knowingly or recklessly made false statements upon which defendant relied, causing damages with regard to Count III.

The Entry Is:

Judgment for the plaintiff against defendant Donald Brown on Count III of the plaintiff's complaint in the amount of $1,200 plus costs and interest. Judgment for the defendants on Counts II and V, and Count I is dismissed with prejudice.

Judgment for the counterclaim defendant on all counterclaims.

Dated: September 16, 2010

WILLIAM ANDERSON
JUSTICE, SUPERIOR COURT

--------------------------------------------------------------------------

| 001 | PL  | ENGINEERING DYNAMICS INC |     | T   |
|-----|-----|--------------------------|-----|-----|
| 002 | DEF | DONALD F BROWN           | / / | PRO |
| 003 | DEF | TERRI L BROWN            | / / | T   |
| 004 | PII | MACHIAS SAVINGS BANK     |     | T   |